# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WARD,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY WEBBER,<br><br>    Defendant. | Case No.: 1:18-cv-00916-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Ronald Ward is a civil detainee at Coalinga State Hospital, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

Currently before the Court is Plaintiff's complaint, filed July 9, 2018.

## I.

## SCREENING REQUIREMENT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal … fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint, or portion

1

thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

## II.
## COMPLAINT ALLEGATIONS

Plaintiff is a civil detainee at Coalinga State Hospital as a sexually violent predator ("SVP") under California's Sexually Violent Predator Act ("SVPA"), California Welfare and Institutions Code, section 6600 et seq.

On or about May 11, 2017, Plaintiff meet with Dr. Webber in the visiting room to be reevaluated as an SVP. Plaintiff asked Dr. Webber about her qualifications in art and treatment and showed her documentation of contracts and commitments of staff at Coalinga State Hospital. Plaintiff explained to Dr. Webber how "hospital psychologists have encouraged him to show them how it could be done in their treatment programs, 'SOTP.'"

Dr. Webber "slandered" Plaintiff with a disorder of delusions without professional experience. Dr. Webber's opinion lacks the scientific experience and is false.

## III.
## DISCUSSION

As previously stated, Plaintiff is detained as a SVP pursuant to the SVPA. "[C]ivil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 425 (1979). "[I]n certain narrow circumstances," states may "provide for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." Kansas v. Hendricks, 521 U.S. 346, 357 (1997). Statutes providing for involuntary civil commitment have been "consistently upheld … provided the confinement takes pursuant to the proper procedures and evidentiary standards." Id.

///

///

First, the California Department of Corrections and Rehabilitation (CDCR) and Board of Parole Hearings (BPH) screens inmates who may be sexually violent predators at least six months prior to their scheduled release dates. Cal. Welf. & Inst. Code § 6601(c). The screening is conducted in accordance with a structured screening instrument developed by the Department of State Hospitals (DSH). Cal. Welf. & Inst. Code § 6601(b). If CDCR and BPH determine that an individual "is likely to be a sexually violent predator," CDCR refers the individual to the DSH for a full evaluation. Id.

After evaluation at the DSH, and agreement by the county, a petition for commitment is filed in the appropriate superior court. Cal. Welf. & Inst. Code § 6601(c)-(i). The petition is initially reviewed by the superior court judge, then a probable cause hearing is conducted, and if cause is found a trial is conducted. Cal. Welf. & Inst. Code §§ 6601(i), 6601.5, 6602(a). If no probable cause is found, the petition is dismissed. Id.

At trial, the individual is entitled to the assistance of counsel, to retain experts or other professionals to perform appropriate evaluations, and access all relevant information and records. Cal. Welf. & Inst. Code § 6603(a). If the individual is committed, he/she is entitled to annual reevaluation. Cal. Welf. & Inst. Code § 6604.9(a), and if the individual is determined to no longer be a sexually violent predator, judicial review is sought or a petition for conditional release may be filed. Cal. Welf. & Inst. Code §§ 6605(c), 6604.9(d), 6608(a). If probable cause is found to believe the committed person is no longer a danger to the health and safety of others, a hearing is conducted with the same constitutional protections afforded at the initial trial. Cal. Welf. & Inst. Code § 6605(a)(3).

A person civilly committed under the SVPA is committed to an indeterminate term. Cal. Welf. & Inst. Code § 6604. While confined, "[t]he person shall be evaluated by two practicing psychologists or psychiatrists, or by one practicing psychologist and one practicing psychiatrist, designed by the Department of State Hospitals." Cal. Welf. & Inst. Code § 6604.1. A person who has been found to be sexually violent predator "shall have a current examination of his or her mental condition made at least once every year." Cal. Welf. & Inst. Code § 6605(a). The examination includes consideration of whether the committed person currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person. Id. If it is determined that the person is no longer a sexually violent predator, or

that conditional release to a less restrictive alternative is in the best interest of the person, the director of the CDSH shall authorize the person to petition the court for conditional or unconditional discharge. Cal. Welf. & Inst. Code § 6605(b).

### A. State Law Claim of Defamation/Slander

Plaintiff contends that he was subjected to slander by Defendant Dr. Nancy Webber when she reevaluated him as a sexually violent predator and opined that he suffers a disorder of delusions without professional and scientific experience.

First, the Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[1] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act in his complaint. Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Therefore, if Plaintiff chooses to pursue state claims, he must first present them to the Victim Compensation and Government Claims Board.

Second, Plaintiff's allegations fail to state a cognizable state law claim for slander. Under California law, a defamation claim, which may be asserted as a claim for slander (oral) or libel (written), includes the following elements: "(1) a publication that is (2) false, (3) defamatory, (40 unprivileged, and (5) has a natural tendency to injure or causes special damage." K.M. Strategic Mgmt., LLC v. Am. Cas. Co. of Reading PA, 156 F.Supp.3d 1154, 1166-67. Plaintiff has failed to state a cognizable claim for defamation. Plaintiff has failed to demonstrate that Dr. Webber's

---

[1] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

4

reevaluation assessment was indeed false and/or an unprivileged publication. Accordingly, Plaintiff fails to state a cognizable slander claim.

Third, the "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). Because Plaintiff fails to state a cognizable federal claim, the Court will not exercise supplemental jurisdiction over his state law claim, even if he cures the deficiencies and states a claim. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Accordingly, Plaintiff does not and cannot state a cognizable claim for slander.

**B.     Challenge to Continued Detention under the SVPA and Reevaluation**

To the extent Plaintiff is attempting to challenge his reevaluation and continued commitment under the SVPA, such claim is not cognizable by way of section 1983 complaint.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under … 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). Federal courts lack habeas jurisdiction over claims by state prisoners that are not within "the core of habeas corpus." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), cert. denied, 137 S.Ct. 645 (2017). A detainee's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. Id. at 934.

Often referred to as the favorable termination rule or the Heck bar, habeas corpus jurisdiction applies whenever confined individuals "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); Heck v. Humphrey, 512 U.S. 447 (1994). Accordingly, an action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the

target of the suit if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Wilkinson, 544 U.S. at 81-82.

Accordingly, Plaintiff may not challenge his commitment under the SVPA by way of section 1983, as such claim must be brought solely by way of a habeas corpus petition.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons stated above, Plaintiff fails to state a cognizable claim for relief under section 1983. Although the Court would generally grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief; and

2. The Clerk of Court shall randomly assign a District Judge to this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///
///
///
///
///

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 25, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE